Caruthers, J.,
delivered the opinion of the court.
In this action of ejectment no question is raised but upon the correctness of the charge of his Honor, in relation to the validity of a tax sale deed, relied upon by the defendant, to divest the title of the plaintiff, who is the grantee.
The law was charged to be, that “the plaintiff would not be permitted to show any irregularity in the sale or proceedings, unless he showed he had first paid the taxes for the year 1847, for which this sale was made in 1848.”
The case turned upon this' question, and went for the defendant. Is this legal proposition sound? This is the only question to be decided.
The act of 18th January, 1844, ch. 92, § 1, Rich. Sup., 259, provides, that “all judgments or orders of sale shall be oonelusive, unless the person wishing to show the irregularity of the same, can prove that the taxes were duly paid before such judgment or order of *571 sale was rendered.'1'1 In the previous part of tbe section, it is enacted, that “ it shall be sufficient to make such sale valid and communicate good title to the purchaser, that the land so sold lies in the county in which it has been reported for non-payment of the taxes thereon; that it has been duly reported; that an order of sale has been awarded, and that the sale of the land was duly advertised; to establish which facts the sheriff’s deeds, reciting their existence, shall be grima faeie sufficient.”
In the 4th section of the same act, all laws upon the subject of tax sales, shall receive a liberal construction, so as ’to carry out the true object and intention of the legislature.
It is insisted that the rigidity of this act against the land holder, and in favor of the purchaser at a tax sale, is relaxed by the 3d section of ch. 188, passed at the same session, and on the 29th of the same month, which provides, as it is contended, that a tax sale shall not be good, unless the “report and advertisement of the sheriff gives the range, section, surveyors district, number of the grant or entry, and the owner’s name correctly.” Whether this section has not been repealed by the act of 1846, is a matter of some uncertainty, but without examining that question it is sufficient for this case to say, that if it be in force, it can have no effect to change the construction of the other act. Taking it to be in force, it must be construed with the other, and both allowed to stand, if they are not inconsistent with each' other.
If, then, the latter act requires the range, section, &c., to be correctly given by the sheriff in his report *572 and advertisement, and be fails to do so, upon what terms and conditions, if any, is the advantage to be taken of it? It must be shown as a condition precedent, that “the taxes were paid before the judgment or order of sale were rendered” otherwise the judgment and order of sale were “conclusive.” If this be not so, this strong expression of the legislative will, would be entirely nugatory. What operation can be given to it if the sale can be attacked successfully, upon every ground of objection which previously existed, or which might still be relied upon if this condition is performed? Certainly none: it would be a dead letter.
We have no authority to thus disregard a positive enactment of the legislature, because it may not meet our approbation, as tending to injury and injustice. It certainly has the power to prescribe what shall and what shall not be necessary to make void, voidable or valid future contracts or titles, and the conditions on which they may or may not be impeached. No more is attempted in this case.
But upon the merits of the requirement much might be said in favor of its policy, if that could constitute a legitimate ground of decision, or aid in the construction of a statute plain and unambiguous in its terms.
Tax sale titles had become so proverbially worthless on account of the strictness required in the proceedings, that the collection of the public revenue was seriously obstructed, for want of bidders, and the owners of land became entirely indifferent about the payment of their taxes. Thus, vast quantities of land remained untaxed from year to year, and the owners, with impunity, avoided their just share of the public burthens. *573 This evil was more particularly felt in West Tennessee, where so much of the land was owned by non-residents, who had no personal property there subject to seizure. This strong statute was evidently intended by its framers to preclude the landholder, who is in default, from taking advantage of these irregularities and defects in the proceedings, which had previously been regarded by the courts as sufficient to avoid the title of the purchaser. This would give confidence to bidders and ensure the collection of the State and county taxes, and thereby remedy the existing evil. The right of redemption is still reserved to the owner, and “infants, lunatics, insane persons or idiots saved from the operation of the act. The rigor of the act, then, only affects an adult and sane person, who has failed to pay his taxes, or redeem his land in the time allowed by law. To him alone is the operation of the act confined. lie shall not, to the injury of one who has bought the land at a public judicial sale, and thus paid his taxes for him, and which he has not refunded by redemption, invalidate the sale and title by technical objections. He does not stand in a condition to be favored, as he has not complied with his obligations to the government, whose protection he has enjoyed. Against him the judgment and order of sale are made conclusive. Such were doubtless the considerations upon which the legislature acted, and seemed to them to justify the stringent provisions complained of. Yet if there is any wrong done to him by reporting him in default, when he was not so in fact, having actually paid his public dues, his hands are untied and the proceedings thrown open to attack.
*574 There is no room for construction, or necessity for reasoning in this case. The charge of the circuit judge must be sustained, or the plain language of the law disregarded. The judgment and order of sale are made conclusive against the plaintiff until he can show that his taxes had in fact been paid, and then, and not before, can he be heard to make objections to the regularity of the proceedings under which the defendant became purchaser of his land. If this law is too rigorous, and results in hardship and injustice, there is a power in the State which can afford a remedy,— we cannot.
There is then no error in the judgment. Let it be affirmed.